UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| WILLIAM M. CONIGLIARO | ) | |
|     PLAINTIFF | ) | |
|  | ) | |
| VS. | ) | NO. |
|  | ) | |
| EQUIFAX, INC. | ) | |
|     DEFENDANT | ) | |
|  | ) | |

COMPLAINT

PARTIES

1.  Plaintiff William M. Conigliaro ("Conigliaro") is a resident of 501 Cabot Street, Unit 2, Beverly, Essex County, Massachusetts.

2.  Defendant Equifax, Inc ("Equifax") is one of the three largest consumer reporting agencies, as described in 15 U.S.C. § 1681a(p), in the United States with corporate headquarters located at 1550 Peachtree Street, N.W. Atlanta, Georgia 30309.

JURISDICTION

3.  The Massachusetts Federal District Court has jurisdiction of this action under 42 U.S.C. § 1331 and 15 U.S.C. § 1681, the Fair Credit Reporting Act ("FCRA").

FACTS

4.  Conigliaro was the victim of identity theft in which applications for credit in his name were made without his knowledge or authority.

5.  On information and belief, the credit was subsequently used for personal,

household, and family purposes.

6.  Conigliaro obtained possession of no goods, services, or money as a result of the credit extended or any other benefit from the use of the credit and was unaware of same.

7.  When Conigliaro later became aware that his identity had been stolen, he by his attorney, on or about January 10, 2010, mailed a letter by certified mail, return receipt requested, to Equifax's fraud department in which he asserted in good faith that he had been the victim of identity theft and which requested under 15 U.S.C. § 1681c-1 that Equifax include a fraud alert in his file relative to the theft of his identity and further requested under 15 U.S.C. § 1681c-2(a) that Equifax block information from his file which resulted from such theft.

8.  The letter stated or was otherwise accompanied by appropriate proof under 15 U.S.C. § 1681c-2(a) of Conigliaro's identity; a copy of the police report he filed reporting the theft of his identity; the identification of the information in his file that resulted from the identity theft, and a statement under oath that the identified information was not information relating to any transaction by him.

9.  Equifax received the letter on or about January 20, 2010.

10.  Virtually identical letters with accompanying proofs were sent contemporaneously to the two other major nationwide credit reporting companies, TransUnion and Experian, both of whom promptly notified Conigliaro that the information was blocked or otherwise not reported in their reports.

11.  Conigliaro received no such notice from Equifax.

12.  In violation of 15 U.S.C. § 1681c_2(a), Equifax failed to block the reporting

of the information in Conigliaro's file that he had identified in the letter.

13. In violation of 15 U.S.C. § 1681c-2(c), Equifax failed to notify Conigliaro that it declined to block the identified information.

14. Conigliaro subsequently made several applications to refinance property he owned to reduce his interest payments on same.

15. He was denied the refinance credit in part because the negative information he had identified to Equifax had not been blocked from his credit report and thus he has been forced to continue to make higher interest payments.

16. On or about February 12, 2012, Conigliaro, by his attorney, again mailed a letter by certified mail, return receipt requested, to Equifax's fraud department in which he asserted in good faith that he had been the victim of identity theft and which requested under 15 U.S.C. § 1681c-1 that Equifax block information from his file which resulted from such theft.

17. This letter also stated or was otherwise accompanied by appropriate proof under 15 U.S.C. § 1681c-2(a) of Conigliaro's identity; a copy of the police report he filed reporting the theft of his identity; the identification of the information in his file that resulted from the identity theft, and a statement under oath that the identified information was not information relating to any transaction by him.

18. Equifax received the second letter on or about February 14, 2012.

19. In violation of 15 U.S.C. § 1681c_2(a), Equifax again failed to block the reporting of the information in Conigliaro's file that he identified in the second letter.

20. In violation of 15 U.S.C. § 1681c-2(c), Equifax again failed to notify Conigliaro that it declined to block the identified information.

COUNT ONE
WILLFUL FAILURE TO COMPLY WITH FCRA IN VIOLATION OF 15 U.S.C. § 1681n

21. Conigliaro repeats and reavers herein the above paragraphs of this Complaint.

22. Equifax's repeated failure to comply in any manner with any of its obligations under the FCRA is a willful failure to comply with a requirement imposed under the FCRA with respect to Conigliaro and hence Equifax is liable to Conigliaro in an amount equal to the sum of Conigliaro's actual damages sustained by Conigliaro or damages of not less than $100 and not more than $1,000; such amount of punitive damages as the court may allow; and the costs of the action together with reasonable attorney's fees as determined by the court.

Wherefore, Conigliaro demands judgment be entered against Equifax in the amount of his actual damages - as measured by the difference in amount of interest he has paid and continues to pay at least until the information is blocked versus the amount he would have paid had Equifax complied with its obligations under the FCRA -  or damages of not less than $100 and not more than $1,000; punitive damages in such amount as the court may allow; and the costs of the action together with reasonable attorney's fees as determined by the court.

COUNT TWO
NEGLIGENT FAILURE TO COMPLY WITH FCRA IN VIOLATION OF 15 U.S.C. § 1681o

23. Conigliaro repeats and reavers herein the above paragraphs of this Complaint.

24. Equifax has been negligent in its failure to comply with the requirement imposed under the FCRA with  respect to Conigliaro and hence Equifax is liable to Conigliaro in an amount equal to the sum of Conigliaro's actual damages sustained by Conigliaro and the costs of the action together with reasonable attorney's fees as

determined by the court.

Wherefore, Conigliaro demands judgment be entered against Equifax in the amount of his actual damages - as measured by the difference in amount of interest he has paid and continues to pay at least until the information is blocked versus the amount he would have paid had Equifax complied with its obligations under the FCRA - and the costs of the action together with reasonable attorney's fees as determined by the court.

> William M. Conigliaro
> By his attorney,
>
> */s/ Philip H. Cahalin*
> Philip H. Cahalin, BBO # 545538
> 85 Exchange Street, Suite 206
> Lynn, MA 01901
> t. 781.598.3130
> f. 781.598.3131
> email: pcahalin@cahalinlaw.com